## SETTLEMENT AND RELEASE AGREEMENT AND PAYMENT GUARANTY

This Settlement Agreement (the "Agreement") is between Lewis Machine & Tool Co. d/b/a LMT Defense ("LMT"), an Illinois corporation, on the one hand, and IMS Supply, LLC d/b/a Big Tex Ordnance ("Big Tex"), a Texas limited liability company, and Ike Stephens ("Stephens"), on the other hand, (each being referred to as a "Party" and collectively as the "Parties"), and is effective as of the date the last Party executes it (the "Effective Date").

### RECITALS

WHEREAS, LMT and Big Tex entered into a business relationship whereby Big Tex purchased products from LMT memorialized by sales orders and invoices;

WHEREAS, a dispute arose among the Parties relating to payment of the invoices (the "Dispute"). As of the Effective Date of this Agreement, the amount of the unpaid invoices is $239,415.96;

WHEREAS, in order to avoid the time and expense of litigation, the Parties desire to resolve any and all differences among them relating to unpaid invoices and the amount owed thereunder as of the Effective Date;

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency of which is hereby expressly acknowledged, the Parties hereto agree as follows:

1. Recitals. The foregoing Recitals are fully incorporated into this Agreement.

2. Consideration.

    (a) Settlement Payment Plan. Big Tex shall pay to LMT the amount of $239,415.96 plus annual interest at a rate of 10.5% ("Settlement Amount") in accordance with Appendix A ("Payment Schedule") beginning Monday, February 17, 2025, and continuing thereafter each consecutive Monday for 51 weekdays (each individual payment a "Scheduled Payment"). Big Tex shall remit payment by wire transfer to the following account:

    Bank Name:   First Central State Bank
    Account Holder: LMT Defense
    Routing Number: 073910091
    Account Number: 50290328

    (b) Breach; Notice; Cure Period. Upon written notice of a missed Scheduled Payment, Big Tex shall be entitled to a cure period of 5 business days ("Cure Period") for its failure to make a Scheduled Payment. Failure to pay the full amount of the missed Scheduled Payment prior to the expiration of the Cure Period shall be deemed a material breach of this Agreement. Upon material breach of this Agreement, the releases provided

for in Paragraph 4 of this Agreement shall be void. For purposes of this Paragraph, notice by email sent to Stephens shall be sufficient, and shall be deemed effective when sent.

(c) <u>Payment Guaranty</u>. Stephens hereby unconditionally and irrevocably guarantees to LMT to pay and perform this Agreement in the event of Big Tex's material breach as set forth herein. This Guaranty is absolute, independent and continuing under all circumstances, and is a guaranty of payment and performance, not of collection. Stephens, as guarantor, hereby acknowledges that LMT has given sufficient consideration for this Guaranty by entering into this Agreement with Big Tex. Stephens, as guarantor, hereby further acknowledges that LMT is entering into this Agreement in reliance on the terms of this Guaranty.

(d) <u>Stipulation to Judgment</u>. Big Tex's material breach of this Agreement and/or Stephens' breach of the Guaranty shall entitle LMT to immediate entry of the stipulations to judgment ("Stipulations to Judgment") attached hereto as <u>Appendices B-1 (Big Tex) and B-2 (Stephens)</u>, in an amount equal to the Settlement Amount, less any Scheduled Payment(s) received prior to the breach ("Stipulated Amount"). LMT shall be entitled to entry of the Stipulation to Judgment without notice to Big Tex or Stephens.

(e) <u>Interest; Attorneys' Fees</u>. The Stipulated Judgment shall continue to accrue pre-judgment interest at the rate of 10.5% *per annum* from the date of breach through the date of judgment. The judgment shall accrue post-judgment interest as provided by law. LMT shall be entitled to recover attorneys' fees and costs incurred in entering the Stipulations to Judgment commencing on the date of breach of this Agreement.

3. <u>Waiver of Defenses</u>. Big Tex and Stephens represent, warrant, and covenant to LMT that, as of the Effective Date, they have no defenses, offsets, or claims of any kind or nature whatsoever against LMT with respect to the Dispute, or any other action being taken by LMT with respect to the relationship or transactions between LMT and Big Tex.

4. <u>Mutual Releases</u>.

(a) <u>By LMT</u>. LMT, on behalf of itself, and its current and former shareholders, directors, officers, members, managers, representatives, attorneys, insurers, predecessors, successors and assigns, parents, subsidiaries and affiliated business entities (collectively, the "LMT Releasors"), for good and valuable consideration, the receipt of which is hereby acknowledged, do hereby release, remise and forever discharge, and covenant not to sue: (i) Stephens and his current and former agents, representatives, partners, joint venturers, affiliates, heirs, executors, beneficiaries, successors, assigns in interest, or any other person or entity acting on his behalf (the "Stephens Releasees"); and (ii) Big Tex, and its current and former officers, members, managers, representatives, attorneys, insurers, predecessors, successors and assigns, parents, subsidiaries and affiliated business entities (the "Big Tex Releasees"), from any and all claims, counterclaims, causes of action, damages, demands, suits or liabilities whatsoever, whether existing or contingent, known or unknown, whether at law or in equity, which any of the LMT Releasors ever had, now has or hereinafter may have against any of the Stephens Releasees or Big Tex Releasees on account of any act,

omission or event occurring or arising prior to the Effective Date of this Agreement relating to the Dispute, except as otherwise provided in this Agreement.

    (b)    <u>By Stephens</u>. Stephens, on behalf of himself, and his current and former agents, representatives, partners, joint venturers, affiliates, heirs, executors, beneficiaries, successors, assigns in interest, or any other person or entity acting on his behalf (collectively, the "Stephens Releasors"), for good and valuable consideration, the receipt of which is hereby acknowledged, do hereby release, remise and forever discharge, and covenant not to sue LMT and its current and former shareholders, directors, officers, members, managers, representatives, attorneys, insurers, predecessors, successors and assigns, parents, subsidiaries and affiliated business entities (collectively, the "LMT Releasees") from any and all claims, counterclaims, causes of action, damages, demands, suits or liabilities whatsoever, whether existing or contingent, known or unknown, whether at law or in equity, which any of the Stephens Releasors ever had, now has or hereinafter may have against any of the LMT Releasees on account of any act, omission or event occurring or arising prior to the Effective Date of this Agreement relating to the Dispute, except as otherwise provided in this Agreement.

    (c)    <u>By Big Tex</u>: Big Tex, on behalf of itself, and its current and former officers, members, managers, representatives, attorneys, insurers, predecessors, successors and assigns, parents, subsidiaries and affiliated business entities (collectively, the "Big Tex Releasors"), for good and valuable consideration, the receipt of which is hereby acknowledged, do hereby release, remise and forever discharge, and covenant not to sue the LMT Releasees from any and all claims, counterclaims, causes of action, damages, demands, suits or liabilities whatsoever, whether existing or contingent, known or unknown, whether at law or in equity, which any of the Big Tex Releasors ever had, now has or hereinafter may have against any of the LMT Releasees on account of any act, omission or event occurring or arising prior to the Effective Date of this Agreement relating to the Dispute, except as otherwise provided in this Agreement.

5.    <u>Effect of Bankruptcy</u>. Big Tex and Stephens acknowledge that this Agreement is of considerable benefit to them and that they have received substantial legal and financial accommodation from LMT hereunder. Big Tex and Stephens hereby covenant and agree that (i) they shall not solicit, assist, or encourage any third-party to file an involuntary bankruptcy petition against them; (ii) that should any bankruptcy or reorganization proceedings be instituted involving Big Tex or Stephens, which are not dismissed within 60 days thereafter, the release set forth in <u>Paragraph 4(a)</u> above shall automatically void and deemed of no further effect as to the Party or Parties who filed the bankruptcy petition or against whom the bankruptcy petition was filed; and (iii) in the event of any bankruptcy or insolvency proceedings and payments hereunder must be disgorged under 11 U.S.C. § 362 or any other law, this Agreement is void *ab initio* and the Settlement Amount is revived in the full amount, less any payments made hereunder.

6.    <u>Advice/Opportunity to Consult Counsel</u>. Because of the scope of the releases and waivers of claims contained in this Agreement, each of the Parties is hereby advised to consult with counsel of their own choosing prior to execution. All Parties represent that in making the decision to provide the releases and waivers contained herein, they have had the opportunity to

obtain the advice of independent counsel and that they have not relied on any express or implied representations of their counterparties or their counterparties' agents or representatives concerning any matter related hereto. The Parties acknowledge that they either: (a) have fully obtained whatever information and advice they desire regarding the effect hereof; or (b) are willing to agree to the releases and waivers contained herein without that information or advice and to assume whatever risks that decision may entail. The Parties also acknowledge that they have had the opportunity to review all documents and to ask all questions related to this Agreement as they deem necessary to make an informed decision regarding entering into this Agreement.

7. **No Admission of Liability.** This Agreement represents a compromise of disputed claims between the Parties. Therefore, nothing in this Agreement shall constitute or be construed as an admission of liability of any Party.

8. **No Waiver.** The failure to insist upon strict compliance of any of the terms, covenants or conditions of this Agreement shall not be deemed a waiver of such terms, covenants and conditions or any others.

9. **Entire Agreement.** This Agreement contains the entire understanding of the Parties with respect to the Dispute and supersedes all other agreements and understandings of the Parties relating to the subject matter hereof.

10. **No Modification.** This Agreement cannot be modified or amended except expressly in writing signed by all Parties hereto.

11. **Drafting, Interpretation, and Construction.** No Party or that Party's attorney is to be deemed the drafter of this Agreement for any purpose, including but not limited to the construction of its provisions. The language of this Agreement shall be construed as the joint language of the Parties, chosen to affect their mutual intent and, therefore, not strictly construed for or against any Party.

12. **Severability.** In the event that any portion or portions of this Agreement is or are declared unenforceable or null and void as violative of public policy, the remaining portions shall continue in full force and effect as though the offending portions were never a part of this Agreement.

13. **Governing Law.** This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Iowa, without giving effect to any conflict of law principles. All Parties hereby expressly submit themselves to the jurisdiction of the state and/or federal courts located in the Southern District of Iowa, and expressly agree that any suit, action, or proceeding arising under the interpretation, performance, or breach of this Agreement shall be brought exclusively in the Southern District of Iowa.

14. **Authority.** The Parties hereby represent to one another that they have the full power and authority to enter into this Agreement and carry out their obligations. The Parties further represent that they have had the opportunity to review this Agreement with counsel, fully understand its terms, and enter into it voluntarily. Each signatory hereto hereby represents that

he/she has the authority to sign the Agreement on behalf of the Party on whose behalf he/she signs the Agreement.

15. <u>Binding Effect</u>. This Agreement shall be binding on and shall inure to the benefit of the Parties and their heirs, devisees, legatees, executors, affiliates, administrators, trustees, successors, and assigns.

16. <u>No Assignment</u>. The Parties represent to one another that they are the current owners of the claims they purport to release in this Agreement. In the event that an action is maintained by some other Party to enforce any of the claims, the Party who purported to release the claim shall indemnify the remaining Parties for (a) all reasonable attorneys' fees, disbursements, and expenses incurred by them in defending the claim, and (b) all payments made or losses sustained by them in the event judgment is entered or a settlement reached. No Party shall assign its rights, obligations, or benefits under this Agreement in whole or in part, without the prior written approval of the other Party.

17. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which, when so executed, shall, irrespective of the date of its execution and delivery, be deemed an original, and said counterparts together shall constitute one and the same instrument. This document may also be executed and delivered by PDF, or other electronic transmission, which will have the same force and effect to bind the Party so executing this document.

18. <u>Signature Page</u>. Signatures appear on the following page.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## SIGNATURE PAGE

**LEWIS MACHINE & TOOL CO. D/B/A LMT DEFENSE**

By: *Jennifer Larson*
Its: *Controller*

Execution Date: 2/11/25

**IKE STEPHENS**

_____   Execution Date: _____

**IMS SUPPLY, LLC D/B/A BIG TEX ORDNANCE**

_____

By:_____   Execution Date: _____
Its:_____

## SIGNATURE PAGE

**LEWIS MACHINE & TOOL CO. D/B/A LMT DEFENSE**

_____

By:_____    Execution Date: _____
Its:_____

**IKE STEPHENS**

\_\_\_*[signature]*_____   Execution Date: 2/14/2025 _____

**IMS SUPPLY, LLC D/B/A BIG TEX ORDNANCE**

_____

By:\_\_*[signature]*_____   Execution Date: 2/14/2025 _____
Its:_____

US2008 31041194 2

EXHIBIT A

## APPENDIX A ("PAYMENT SCHEDULE")

| Payment Plan Schedule | | |
|---|---|---|
| Date | Payment | Balance |
|  |  | $239,415.96 |
| 2/17/2025 | $4,854.74 | $235,044.65 |
| 2/24/2025 | $4,854.74 | $230,664.52 |
| 3/3/2025 | $4,854.74 | $226,275.54 |
| 3/10/2025 | $4,854.74 | $221,877.70 |
| 3/17/2025 | $4,854.74 | $217,470.98 |
| 3/24/2025 | $4,854.74 | $213,055.36 |
| 3/31/2025 | $4,854.74 | $208,630.83 |
| 4/7/2025 | $4,854.74 | $204,197.36 |
| 4/14/2025 | $4,854.74 | $199,754.94 |
| 4/21/2025 | $4,854.74 | $195,303.54 |
| 4/28/2025 | $4,854.74 | $190,843.16 |
| 5/5/2025 | $4,854.74 | $186,373.78 |
| 5/12/2025 | $4,854.74 | $181,895.37 |
| 5/19/2025 | $4,854.74 | $177,407.91 |
| 5/26/2025 | $4,854.74 | $172,911.40 |
| 6/2/2025 | $4,854.74 | $168,405.80 |
| 6/9/2025 | $4,854.74 | $163,891.11 |
| 6/16/2025 | $4,854.74 | $159,367.30 |
| 6/23/2025 | $4,854.74 | $154,834.36 |
| 6/30/2025 | $4,854.74 | $150,292.26 |
| 7/7/2025 | $4,854.74 | $145,740.99 |
| 7/14/2025 | $4,854.74 | $141,180.53 |
| 7/21/2025 | $4,854.74 | $136,610.87 |
| 7/28/2025 | $4,854.74 | $132,031.97 |
| 8/4/2025 | $4,854.74 | $127,443.83 |
| 8/11/2025 | $4,854.74 | $122,846.43 |
| 8/18/2025 | $4,854.74 | $118,239.74 |
| 8/25/2025 | $4,854.74 | $113,623.75 |
| 9/1/2025 | $4,854.74 | $108,998.44 |
| 9/8/2025 | $4,854.74 | $104,363.79 |
| 9/15/2025 | $4,854.74 | $99,719.78 |
| 9/22/2025 | $4,854.74 | $95,066.39 |
| 9/29/2025 | $4,854.74 | $90,403.61 |
| 10/6/2025 | $4,854.74 | $85,731.42 |

US2008 31041194 1

EXHIBIT A

| Date | Payment | Balance |
|---:|---:|---:|
| 10/13/2025 | $4,854.74 | $81,049.78 |
| 10/20/2025 | $4,854.74 | $76,358.70 |
| 10/27/2025 | $4,854.74 | $71,658.14 |
| 11/3/2025 | $4,854.74 | $66,948.09 |
| 11/10/2025 | $4,854.74 | $62,228.53 |
| 11/17/2025 | $4,854.74 | $57,499.44 |
| 11/24/2025 | $4,854.74 | $52,760.81 |
| 12/1/2025 | $4,854.74 | $48,012.60 |
| 12/8/2025 | $4,854.74 | $43,254.81 |
| 12/15/2025 | $4,854.74 | $38,487.40 |
| 12/22/2025 | $4,854.74 | $33,710.38 |
| 12/29/2025 | $4,854.74 | $28,923.70 |
| 1/5/2026 | $4,854.74 | $24,127.36 |
| 1/12/2026 | $4,854.74 | $19,321.34 |
| 1/19/2026 | $4,854.74 | $14,505.61 |
| 1/26/2026 | $4,854.74 | $9,680.16 |
| 2/2/2026 | $4,854.74 | $4,855.96 |
| 2/9/2026 | $4,854.74 | $0.00 |

## APPENDIX B

### APPENDIX B1 – STIPULATION TO JUDGMENT- BIG TEX ORDNANCE

Affiant, IMS Supply, LLC, d/b/a Big Tex Ordnance ("Big Tex") through its duly authorized agent, hereby stipulates and agrees, pursuant to the terms of the Settlement Agreement and Guaranty, in its entirety, to consent to the entry of judgment in favor of Lewis Machine & Tool Co. d/b/a LMT Defense and against Big Tex, without any claim or defenses, for the following amounts due to nonpayment of invoices, in the principal amount $239,415.96, plus annual interest at a rate of 10.5%, less any portion of the Settlement Amount (as defined hereinabove) made, plus all accrued interest, plus attorneys' fees, costs and expenses.

FURTHER AFFIANT SAYETH NOT.

**IMS SUPPLY, LLC D/B/A BIG TEX ORDNANCE**

_____     ___2/14/2025_____

By:   Ike Stephens, an authorized representative.     Dated

EXHIBIT A

### APPENDIX B2 – STIPULATION TO JUDGMENT- IKE STEPHENS

Affiant, Ike Stephens, hereby stipulates and agrees, pursuant to the terms of the Settlement Agreement and Guaranty, in its entirety, to consent to the entry of judgment in favor of Lewis Machine & Tool Co. d/b/a LMT Defense and against Ike Stephens, without any claim or defenses, for the following amounts due to nonpayment of invoices, in the principal amount $239,415.96, plus annual interest at a rate of 10.5%, less any portion of the Settlement Amount (as defined hereinabove) made, plus all accrued interest, plus attorneys' fees, costs and expenses.

FURTHER AFFIANT SAYETH NOT.

**IKE STEPHENS**

By:   Ike Stephens                              2/14/2025
                                                 Dated

EXHIBIT A