IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| LMT Lewis Machine & Tool Co., d/b/a LMT Defense, an Illinois corporation, | Case No. 3:25-cv-00062-RGE-SBJ |
| Plaintiff, | |
| v. | DEFENDANTS' ANSWER and AFFIRMATIVE DEFENSES and JURY DEMAND |
| IMS Supply d/b/a Big Tex Ordnance and Ike Stephens, | |
| Defendants. | |

## ANSWER

For their Answer to the Complaint (the "Complaint") of Plaintiff LMT Lewis Machine & Tool Co., d/b/a LMT Defense ("LMT Defense"), Defendants IMS Supply d/b/a Big Tex Ordnance ("Big Tex") and Ike Stephens ("Stephens"), hereby admit, deny, object, and affirmatively allege as follows:

### Nature of the Action

1.      Big Tex and Stephens admit the allegations set forth in Paragraph 1 of the Complaint.

2.      Big Tex and Stephens admit the allegations set forth in Paragraph 2 of the Complaint.  Further responding to the allegations set forth in Paragraph 2 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.

3.      Big Tex and Stephens object to the allegations set forth in Paragraph 3 of the Complaint on the grounds that they constitute a legal conclusion.  Notwithstanding their

objection, responding to the allegations set forth in Paragraph 3 of the Complaint, Big Tex and

Stephens admit only that certain payments have not been made to LMT Defense under the

Settlement Agreement. Further responding to the allegations set forth in Paragraph 3 of the

Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is

unenforceable due to the lack of consideration.  Big Tex and Stephens deny all remaining

allegations set forth in Paragraph 3 of the Complaint.

4.      Big Tex and Stephens object to the allegations set forth in Paragraph 4 of the

Complaint on the grounds that they constitute a legal conclusion.   Notwithstanding their

objection, responding to the allegations set forth in Paragraph 4 of the Complaint, Big Tex and

Stephens admit only that certain payments have not been made to LMT Defense under the

Settlement Agreement.  Further responding to the allegations set forth in Paragraph 4 of the

Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is

unenforceable due to the lack of consideration.  Big Tex and Stephens deny all remaining

allegations set forth in Paragraph 4 of the Complaint.

**The Parties**

5.      Big Tex and Stephens lack knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint and therefore

deny the allegations set forth in Paragraph 5 of the Complaint.

6.       Big Tex and Stephens admit the allegations set forth in Paragraph 6 of the

Complaint.

7.      Big Tex and Stephens admit the allegations set forth in Paragraph 7 of the

Complaint.

**Jurisdiction and Venue**

8.      Responding to the allegations set forth in Paragraph 8 of the Complaint, Big Tex and Stephens admit that this Court has jurisdiction of this matter and the parties.

9.      Responding to the allegations set forth in Paragraph 9 of the Complaint, Big Tex and Stephens admit that venue is proper before this Court.

**Factual Background**

10.     Responding to the allegations set forth in Paragraph 10 of the Complaint, Big Tex and Stephens admit only that on or about February 14, 2025, LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into a Settlement Agreement, a true and correct copy of which is attached to the Complaint as Exhibit A, and that the terms of the Settlement Agreement are self-evident.  Further responding to the allegations set forth in Paragraph 10 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.  Big Tex and Stephens deny all further allegations set forth in Paragraph 10 of the Complaint.

11.     Responding to the allegations set forth in Paragraph 11 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement, including Paragraph 2(a), are self-evident.  Further responding to the allegations set forth in Paragraph 11 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.  Big Tex and Stephens deny all further allegations set forth in Paragraph 11 of the Complaint.

12.     Responding to the allegations set forth in Paragraph 12 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the

other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement, including Paragraph 2(b), are self-evident. Further responding to the allegations set forth in Paragraph 12 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration. Big Tex and Stephens deny all further allegations set forth in Paragraph 12 of the Complaint.

13.    Responding to the allegations set forth in Paragraph 13 of the Complaint, Big Tex and Stephens admit only that Stephens signed the Settlement Agreement personally and on behalf of Big Tex, and that the terms of the Settlement Agreement, including Paragraph 2(c), are self-evident. Further responding to the allegations set forth in Paragraph 13 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment Guaranty, is unenforceable due to the lack of consideration. Big Tex and Stephens deny all further allegations set forth in Paragraph 13 of the Complaint.

14.    Responding to the allegations set forth in Paragraph 14 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement, including Paragraph 2(d), are self-evident. Further responding to the allegations set forth in Paragraph 14 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Stipulation to Judgment against Stephens, is unenforceable due to the lack of consideration. Big Tex and Stephens deny all further allegations set forth in Paragraph 14 of the Complaint.

15.    Big Tex and Stephens admit the allegations set forth in Paragraph 15 of the Complaint. Further responding to the allegations set forth in Paragraph 15 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the

lack of consideration.

16.    Big Tex and Stephens admit the allegations set forth in Paragraph 16 of the Complaint. Further responding to the allegations set forth in Paragraph 16 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.

17.    Big Tex and Stephens admit the allegations set forth in Paragraph 17 of the Complaint. Further responding to the allegations set forth in Paragraph 17 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.

18.    Responding to the allegations set forth in Paragraph 18 of the Complaint, Big Tex and Stephens admit only that the April 14 and April 21 payments were not made and the cure period set forth in the Settlement Agreement for those payments has expired. Further responding to the allegations set forth in Paragraph 18 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration. Big Tex and Stephens deny all remaining allegations set forth in Paragraph 18 of the Complaint.

19.    Responding to the allegations set forth in Paragraph 19 of the Complaint, Big Tex and Stephens admit that Big Tex made payments in the amount of $43,692.66 to LMT Defense after signing the Settlement Agreement. Further responding to the allegations set forth in Paragraph 19 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration. Big Tex and Stephens deny all remaining allegations set forth in Paragraph 19 of the Complaint.

20.    Big Tex and Stephens object to the allegations set forth in Paragraph 20 of the Complaint on the grounds that they contain a legal conclusion. Notwithstanding their objection,

responding to the allegations set forth in Paragraph 20 of the Complaint, Big Tex and Stephens admit only that Stephens has made no payments to LMT Defense under the Settlement Agreement. Further responding to the allegations set forth in Paragraph 2 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment Guaranty and the Stipulation to Judgment against Stephens is unenforceable due to the lack of consideration. Big Tex and Stephens deny all remaining allegations set forth in Paragraph 20 of the Complaint.

### Count I: Breach of Contract (against Big Tex)

21. Big Tex and Stephens incorporate the objections, admissions, and denials set forth in Paragraphs 1 through 20 as if fully set forth herein.

22. Big Tex and Stephens object to the allegations set forth in Paragraph 22 of the Complaint on the grounds that they constitute a legal conclusion. Notwithstanding their objection, responding to the allegations set forth in Paragraph 22 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement are self-evident. Further responding to the allegations set forth in Paragraph 22 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration. Big Tex and Stephens deny all further allegations set forth in Paragraph 22 of the Complaint.

23. Big Tex and Stephens admit the allegations set forth in Paragraph 23 of the Complaint. Further responding to the allegations set forth in Paragraph 23 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.

24.     Big Tex and Stephens object to the allegations set forth in Paragraph 24 of the Complaint on the grounds that they constitute a legal conclusion.  Notwithstanding their objection, responding to the allegations set forth in Paragraph 24 of the Complaint, Big Tex and Stephens admit only that certain payments have not been made to LMT Defense under the Settlement Agreement.  Further responding to the allegations set forth in Paragraph 24 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.  Big Tex and Stephens deny all remaining allegations set forth in Paragraph 24 of the Complaint.

25.     Big Tex and Stephens object to the allegations set forth in Paragraph 25 of the Complaint on the grounds that they constitute a legal conclusion.  Notwithstanding their objection, responding to the allegations set forth in Paragraph 25 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement are self-evident.  Further responding to the allegations set forth in Paragraph 25 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment Guaranty and the Stipulation to Judgment against Stephens, is unenforceable due to the lack of consideration.  Big Tex and Stephens deny all further allegations set forth in Paragraph 25 of the Complaint.

26.     Big Tex and Stephens object to the allegations set forth in Paragraph 26 of the Complaint on the grounds that they constitute a legal conclusion.  Notwithstanding their objection, responding to the allegations set forth in Paragraph 26 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement are

self-evident.  Further responding to the allegations set forth in Paragraph 26 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment Guaranty and the Stipulation to Judgment against Stephens, is unenforceable due to the lack of consideration.  Big Tex and Stephens deny all further allegations set forth in Paragraph 26 of the Complaint.

27.    Big Tex and Stephens object to the allegations set forth in Paragraph 27 of the Complaint on the grounds that they constitute a legal conclusion.  Notwithstanding their objection, responding to the allegations set forth in Paragraph 27 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement are self-evident.  Further responding to the allegations set forth in Paragraph 27 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.  Big Tex and Stephens deny all further allegations set forth in Paragraph 27 of the Complaint.

WHEREFORE, Big Tex and Stephens respectfully request that LMT Defense's Complaint be dismissed with prejudice, at cost to LMT Defense, for an award of the attorney's fees and costs incurred by Big Tex and Stephens, and for such other and further relief as the Court deems appropriate under the circumstances.

## Count II: Breach of Guaranty (against Stephens)

28.    Big Tex and Stephens incorporate the objections, admissions, and denials set forth in Paragraphs 1 through 27 as if fully set forth herein.

29.    Big Tex and Stephens object to the allegations set forth in Paragraph 29 of the Complaint on the grounds that they constitute a legal conclusion.  Notwithstanding their

objection, responding to the allegations set forth in Paragraph 29 of the Complaint, Big Tex and Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement, including Paragraph 2(c), are self-evident. Further responding to the allegations set forth in Paragraph 29 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment Guaranty, is unenforceable due to the lack of consideration. Big Tex and Stephens deny all further allegations set forth in Paragraph 29 of the Complaint.

30.     Responding to the allegations set forth in Paragraph 30 of the Complaint, Big Tex and Stephens admit only that LMT Defense has complied with the terms of the Settlement Agreement. Further responding to the allegations set forth in Paragraph 30 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment Guaranty, is unenforceable due to the lack of consideration. Big Tex and Stephens deny all remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Big Tex and Stephens object to the allegations set forth in Paragraph 31 of the Complaint on the grounds that they constitute a legal conclusion. Notwithstanding their objection, responding to the allegations set forth in Paragraph 31 of the Complaint, Big Tex and Stephens admit only that certain payments have not been made to LMT Defense under the Settlement Agreement. Further responding to the allegations set forth in Paragraph 31 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment Guaranty, is unenforceable due to the lack of consideration. Big Tex and Stephens deny all remaining allegations set forth in Paragraph 31 of the Complaint.

32.     Big Tex and Stephens object to the allegations set forth in Paragraph 32 of the Complaint on the grounds that they constitute a legal conclusion. Notwithstanding their

objection, responding to the allegations set forth in Paragraph 32 of the Complaint, Big Tex and
Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other
hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement are
self-evident. Further responding to the allegations set forth in Paragraph 32 of the Complaint,
Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment
Guaranty and the Stipulation to Judgment against Stephens, is unenforceable due to the lack of
consideration. Big Tex and Stephens deny all further allegations set forth in Paragraph 32 of the
Complaint.

33.    Big Tex and Stephens object to the allegations set forth in Paragraph 33 of the
Complaint on the grounds that they constitute a legal conclusion. Notwithstanding their
objection, responding to the allegations set forth in Paragraph 33 of the Complaint, Big Tex and
Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other
hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement are
self-evident. Further responding to the allegations set forth in Paragraph 33 of the Complaint,
Big Tex and Stephens affirmatively allege that the Settlement Agreement, including the Payment
Guaranty and the Stipulation to Judgment against Stephens, is unenforceable due to the lack of
consideration. Big Tex and Stephens deny all further allegations set forth in Paragraph 33 of the
Complaint.

34.    Big Tex and Stephens object to the allegations set forth in Paragraph 34 of the
Complaint on the grounds that they constitute a legal conclusion. Notwithstanding their
objection, responding to the allegations set forth in Paragraph 34 of the Complaint, Big Tex and
Stephens admit only that LMT Defense, on the one hand, and Big Tex and Stephens, on the other
hand, entered into the Settlement Agreement, and that the terms of the Settlement Agreement are

self-evident.  Further responding to the allegations set forth in Paragraph 34 of the Complaint, Big Tex and Stephens affirmatively allege that the Settlement Agreement is unenforceable due to the lack of consideration.  Big Tex and Stephens deny all further allegations set forth in Paragraph 34 of the Complaint.

WHEREFORE, Big Tex and Stephens respectfully request that LMT Defense's Complaint be dismissed with prejudice, at cost to LMT Defense, for an award of the attorney's fees and costs incurred by Big Tex and Stephens, and for such other and further relief as the Court deems appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

Defendants IMS Supply d/b/a Big Tex Ordnance ("Big Tex") and Ike Stephens ("Stephens") hereby assert the following affirmative defenses:

1.      The Settlement Agreement, including the Payment Guaranty and the Stipulation to Judgment against Stephens, are unenforceable due to lack of sufficient consideration.

2.       Big Tex and Stephens reserve the right to assert additional affirmative defenses as may be ascertained through the course of discovery.

## JURY DEMAND

Defendants IMS Supply d/b/a Big Tex Ordnance and Ike Stephens hereby demand a trial by jury on the claims set forth in Plaintiff's Complaint.

DATED: July 2, 2025.

    /s/ Scott L. Long
Scott L. Long, AT0004881
Law Office of Scott L. Long, P.C.
541 31st Street, Suite A
Des Moines, Iowa  50312
Phone:  (515) 279-2052
Facsimile:  (515) 279-2072
Email:  sll@longgilliam.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of July, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, pursuant to Local Rule 5A(k)(1), will send a notice of electronic filing to the following:

Sean M. Corpstein
Whitfield & Eddy, PLC
699 Walnut Street, Suite 2000
Des Moines, IA  50309
Email:  corpstein@whitfieldlaw.com

ATTORNEY FOR PLAINTIFF

Eric S. Rein
Joseph E.M. Franke
Kilpatrick Townsend & Stockton, LLP
500 West Madison Street, Suite 3700
Chicago, IL  60661
Email:  rrein@ktslaw.com
      jfranke@ktslaw.com

ATTORNEYS FOR PLAINTIFF

    /s/ Scott L. Long